CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
LUISA TAMEZ (Bar No. 350503)
(E-Mail: Luisa_Tamez@fd.org)
Deputy Federal Public Defender
3801 University Avenue, Suite 700
Riverside, California 92501
Telephone: (951) 276-6346
Facsimile: (951) 276-6368

Attorneys for Defendant
TEVIN DARNELL SKINNER

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TEVIN DARNELL SKINNER,<br>Defendant. | Case No. ED CR 25-00044-JGB<br>**NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION; EXHIBITS**<br>**Date: July 14, 2025**<br>**Time: 2:00 p.m.**<br>**Honorable Judge Jesus G. Bernal** |

PLEASE TAKE NOTICE THAT defendant, Tevin Darnell Skinner, by and through his attorney of record, Deputy Federal Public Defender Luisa Tamez, hereby moves to suppress all evidence obtained by the government as a result of the Palm Springs Police Department's unlawful stop, arrest and search of Mr. Skinner.

This motion is made pursuant to the Fourth Amendment to the United States Constitution and under Federal Rule of Criminal Procedure 12(b)(3)(C). It is based on the attached memorandum of points and authorities and declaration, the files and records in this case, and any additional evidence and argument that may be presented at or before the hearing on this motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: June 9, 2025

By *`/s/ LUISA TAMEZ`*

LUISA TAMEZ
Deputy Federal Public Defender
Attorney for TEVIN DARNELL SKINNER

## I. INTRODUCTION AND STATEMENT OF FACTS

On January 25, 2025, Officer Jacob Valdivia ("Officer Valdivia") of the Palm Springs Police Department, followed, pretextually stopped, and unlawfully searched Mr. Skinner and his vehicle. While claiming to be on "routine patrol . . . traveling southbound," Officer Valdivia was parked, saw Mr. Skinner's car and followed it, traveling eastbound. Exhibit A, Body Worn Footage ("Ex. A"); Exhibit B, Police Report ("Ex. B"); Exhibit C, Map of Route Prior to Arrest ("Ex. C"). Officer Valdivia did not see Mr. Skinner break any law when he began following his vehicle. Ex. A. He nevertheless determinedly followed Mr. Skinner. Officer Valdivia drove through a stop sign and drove through an intersection to keep track of Mr. Skinner's vehicle. *Id.* Mr. Skinner was traveling from his partner's home to visit his mother, to mourn his grandmother's recent death.

After following Mr. Skinner for three blocks, Officer Valdivia claimed to observe Mr. Skinner fail to stop before the marked line at the Rosa Parks Road and Frontage Road stop sign. Ex. A- Ex. C . Officer Valdivia's body worn camera shows that Mr. Skinner made a full stop. The "marked line" paint at the stop sign was almost completely faded. Ex. A. Officer Valdivia then commenced a traffic stop by activating his emergency lighting. *Id.* Mr. Skinner complied with the stop and pulled over at an Arco gas station. *Id.*; Ex. B.

As Officer Valdivia approached the vehicle, he did not ask Mr. Skinner for identification or explain the purpose of the stop. Exhibit D, Body Worn Footage of Arrest ("Ex. D"). It is apparent Officer Valdivia knew he was following Mr. Skinner and was familiar with his background. Without making any other inquiry, Officer Valdivia asked Mr. Skinner if he was "still on probation." *Id.* When Mr. Skinner asked if he had broken any rules, Officer Valdivia stated that he had failed to stop at the limit line and stated "you're on probation too, so." *Id.* Mr. Skinner's federal probation conditions do not include search conditions. *See United States v. Skinner*, ED CR 22-186-JGB, Dkt. 22.

Rather than issue Mr. Skinner a citation for failure to stop at the stop sign, Officer Valdivia prolonged the stop, asking Mr. Skinner irrelevant questions such as "what is up with your probation" and "what are you doing up here." Ex. D. Two minutes and forty five seconds after the initial stop, still without issuing a ticket, Officer Valdivia asked Mr. Skinner whether there was anything illegal in the car, "besides the open bottle of wine." *Id.*

Officer Valdivia claimed to have seen an open bottle of wine "in plain view of the rear passenger floorboard" and a cup in the center console with dark liquid. Ex. B. Neither are observable from his body worn camera footage. Ex. D. "Because of the open container," Officer Valdivia asked Mr. Skinner to step out of the vehicle. However, Officer Valdivia admitted: "I did not detect any odor of an alcoholic beverage on Skinner once he exited the vehicle." Ex. B.

Officer Valdiva nevertheless proceeded to search and arrest Mr. Skinner, not because of the alleged traffic infraction or because of the alleged open container. Officer Valdiva admitted he conducted the search "because Mr. Skinner was wearing baggy clothing," because of Mr. Skinner's alleged gang association, prior arrests and federal probation. Ex. B.

Officer Valdivia "did not locate any weapons," contraband or evidence of any crime on Mr. Skinner's person. Ex. B. He nevertheless continued to prolong the stop, asking Mr. Skinner to lean against a trash can while he searched his vehicle. *Id.* Because Mr. Skinner "did not object to the search," Officer Valdivia interpreted this as "consent" to search the vehicle. Ex. B. During the search, Officer Valdivia located a handgun under the driver's seat.

Following a stop for an alleged traffic infraction, without any suspicion that Mr. Skinner had consumed alcohol, without any evidence resulting from the search of his person, and without a warrant, Officer Valdivia searched Mr. Skinner's car in

violation of the Fourth Amendment. Mr. Skinner respectfully requests that the Court suppress all evidence obtained as a result of the unlawful search.

## II. ARGUMENT

Officer Valdivia pretextually followed Mr. Skinner's car and stopped it without probable cause. He then unlawfully prolonged the traffic stop, unlawfully searched and arrested Mr. Skinner, and unlawfully searched his vehicle. All evidence stemming from the unlawful, prolonged stop must be suppressed.

### A. Officer Valdivia stopped Mr. Skinner's vehicle without probable case.

After following Mr. Skinner for several blocks, Officer Valdivia claimed to pull him over for failing to stop before the marked limit line, in violation of California Vehicle Code Section 22450. Ex. B. However, the limit line was faded and not marked. Ex. A.

The temporary detention of an individual during an automobile stop by the police, "even if only for a brief period and for a limited purpose, constitutes a seizure," within the meaning of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809–10, (1996) (internal citations and quotations omitted.). "An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." *Id.* An automobile stop is reasonable "where the police have probable cause to believe that a traffic violation has occurred." *Id.*

California Vehicle Code Section 22450 provides:

> (a) The driver of any vehicle approaching a stop sign at the entrance to, or within, an intersection shall stop at a limit line, *if marked*, otherwise before entering the crosswalk on the near side of the intersection.
>
> If there is no limit line or crosswalk, the driver shall stop at the entrance to the intersecting roadway.

Cal. Veh. Code § 22450 (emphasis added).

Here, Mr. Skinner made a full stop before entering the intersection between Frontage Road and Rosa Parks Drive. Ex. A at 1:30. The body worn footage

demonstrates that limit line at the intersection was almost completely faded and not clearly marked. Officer Valdivia thus did not have probable cause to believe Mr. Skinner had violated California Vehicle Code Section 22450. Officer Valdivia unlawfully stopped Mr. Skinner.

**B. Officer Valdivia prolonged the traffic stop in violation of the Fourth Amendment.**

**1. Officer Valdivia extended the stop with inquiries unrelated to the traffic violation.**

After unlawfully stopping Mr. Skinner without probable cause, Officer Valdivia prolonged the stop beyond the time necessary to address the alleged traffic infraction.

A seizure violates the Fourth Amendment when an officer "extend[s] a traffic stop with tasks unrelated to the traffic mission, absent independent reasonable suspicion." *United States v. Landeros*, 913 F. 3d 862, 866 (9th Cir. 2019). "This 'mission' is limited to 'address[ing] the traffic violation that warranted the stop' and 'attend[ing] to related safety concerns.'" *United States v. Evans*, 786 F.3d 779, 785 (9th Cir. 2015) (quoting *Rodriguez v. United States*, 575 U.S. 348, 354 (2015)). Inquiries related to a traffic violation "involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." *Evans*, 786 F.3d at 786. "Authority for the seizure thus ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." *Rodriguez*, 575 U.S. at 354. "Tasks not related to the traffic mission . . . are therefore unlawful if they add time to the stop, and are not otherwise supported by independent reasonable suspicion of wrongdoing." *Evans*, 786 F. 3d. at 785.

Officer Valdivia unlawfully prolonged the stop in violation of the Fourth Amendment. Rather than issuing Mr. Skinner a citation for failing to stop at the intersection behind the limit line, Officer Valdivia commenced a line of irrelevant questioning such as "what is up with your probation" and "what are you doing up here."

Ex. D. Although Officer Valdivia already had Mr. Skinner's name and date of birth, he continued to detain and question Mr. Skinner without issuing a citation. The authority for the seizure ended when the tasks tied to the traffic infraction should have been completed.

Mr. Skinner's detention after Officer Valdivia failed to address the traffic infraction was unlawful and all evidence stemming from the prolonged stop must be suppressed. *See Knowles v. Iowa*, 525 U.S. 113, 118 (1998) ("Once Knowles was stopped for speeding and issued a citation, all the evidence necessary to prosecute that offense had been obtained. No further evidence of excessive speed was going to be found either on the person of the offender or in the passenger compartment of the car.").

**2. Officer Valdivia did not have reasonable suspicion of any independent offense at the time of the stop.**

At the time of the stop, Officer Valdivia did not have independent reasonable suspicion to search Mr. Skinner for an alleged open container. Officer Valdivia did not raise the open container until two minutes and forty seconds into the prolonged stop. Ex. D. Officer Valdivia then continued to prolong the stop, asking Mr. Skinner to step out of the vehicle instead of issuing him a citation. *See* California Vehicle Code § 42001 (a person convicted of an infraction under the vehicle code shall be fined not more than $250); California Penal Code § 19.6 ("an infraction is not punishable by imprisonment").

Officer Valdivia then admitted in his report: "I did not detect any odor of an alcoholic beverage on Skinner once he exited the vehicle." Ex. B. Officer Valdivia did not issue Mr. Skinner a citation for the open container or terminate the interaction. Officer Valdivia did not conduct a field sobriety test. He continued to prolong the stop and searched Mr. Skinner in violation of the Fourth Amendment.

**3. Officer Valdivia prolonged the stop by unlawfully arresting Mr. Skinner.**

After Officer Valdivia ordered Mr. Skinner to exit his vehicle, he seized, searched and arrested Mr. Skinner without reasonable suspicion or probable cause. Officer Valdivia admitted in his report that he did not search Mr. Skinner based on the initial traffic stop, the alleged open container, or any suspicion that Mr. Skinner was under the influence of alcohol. He searched, seized and arrested Mr. Skinner because he was "wearing baggy clothing," because of alleged gang association, prior arrests and federal probation. Officer Valdivia did not have a not a particularized basis to search Mr. Skinner or probable cause to arrest him. Officer Valdivia violated the Fourth Amendment and continued to unlawfully prolong the stop.

Under the Fourth Amendment, an officer may conduct a brief investigative stop only where he has "a particularized and objective basis for suspecting the particular person stopped of criminal activity," commonly referred to as "reasonable suspicion." *Navarette v. California*, 572 U.S. 393, 396–97 (2014); *Terry v. Ohio*, 392 U.S. 1, 21–22, (1968).

Unlike an investigatory *Terry* stop, an arrest "must be supported by probable cause." *United States v. Del Vizo*, 918 F.2d 821, 824 (9th Cir. 1990) (citing *Whiteley v. Warden*, 401 U.S. 560, 564–66 (1971)). While there is no bright-line rule to distinguish an investigatory *Terry* stop from an arrest, in general "there has been an arrest if, under the circumstances, a reasonable person would conclude that he was not free to leave after brief questioning." *Del Vizo*, 918 F.2d at 824. "A person is seized if taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." *United States v. Washington*, 490 F.3d 765, 769 (9th Cir. 2007) (internal citation omitted). Courts also consider "the specificity of the information that leads the officers to suspect that the individuals they intend to question

are the actual suspects being sought" and "the number of police officers present." *Washington v. Lambert*, 98 F.3d 1181, 1190 (9th Cir. 1996). A request that a person accompany an officer to another location weighs in favor of a reasonable belief by that person that he was not free to walk away. *Florida v Royer*, 460 U.S. 491, 502-03 (1983).

Here, Officer Valdivia did not have any particularized and objective basis for suspecting the Mr. Skinner of criminal activity. He seized Mr. Skinner for wearing baggy clothing, alleged gang association, prior arrests and federal probation. Ex. B. His seizure and search of Mr. Skinner thus violated the Fourth Amendment and unlawfully prolonged Mr. Skinner's stop.

What is more, Officer Valdivia's seizure of Mr. Skinner amounted to an unlawful arrest. Officer Valdivia had Mr. Skinner step out of the vehicle with his hands on his head. Ex. D. He directed Mr. Skinner several feet away from his vehicle, where he would no longer be able to reenter the vehicle and terminate the interaction. *Id.* One other armed police officer was present, blocking Mr. Skinner from his vehicle. *Id.* A reasonable person in Mr. Skinner's position would not have felt at liberty to leave.

After Officer Valdivia searched Mr. Skinner, he found no weapons or contraband or any other evidence of a crime. *Id.* But Officer Valdivia did not let Mr. Skinner return to his vehicle or terminate the interaction. Instead, Officer Valdivia ordered Mr. Skinner to step several feet away from his vehicle and "lean up against a trash can." *Id.* The other officer stood over Mr. Skinner for approximately a minute and a half while Officer Valdivia unlawfully searched his vehicle. Ex. D.

Mr. Skinner was not free to leave and arrested without probable cause. The arrest further unlawfully prolonged Mr. Skinner's stop.

**4. Officer Valdivia unlawfully searched Mr. Skinner's vehicle.**

Four minutes after ordering Mr. Skinner to pull over for failing to stop behind a limit line, Officer Valdivia began searching his vehicle. At no point did Mr. Skinner consent to the search of his vehicle. Ex. D. The search of vehicle was both incident to

an unlawful arrest and the product of an unlawfully prolonged stop. All evidence resulting from the search of the vehicle must be suppressed.

A search incident to arrest occurs when one has been lawfully arrested and the police conduct a warrantless search contemporaneously with the arrest. *Preston v. United States,* 376 U.S. 364, 367 (1964). As discussed above, Mr. Skinner was not lawfully arrested because Officer Valdivia arrested him based on his "baggy clothing." Mr. Skinner's vehicle could not have been searched incident to arrest.

Moreover, the search was unlawful because it followed a prolonged stop.

> Detentions may be "investigative" yet violative of the Fourth Amendment absent probable cause. In the name of investigating a person who is no more than suspected of criminal activity, the police may not carry out a full search of the person or of his automobile or other effects. Nor may the police seek to verify their suspicions by means that approach the conditions of arrest.

*Florida v. Royer*, 460 U.S. at 499.

Although Officer Valdivia claimed the warrantless search was due to the alleged open container, he did not search the vehicle until several minutes into the stop and several minutes after claiming to see the open container. Officer Valdivia did not cite Mr. Skinner for the open container or allow him to leave as required by California law. *See* California Penal Code § 19.6 ("an infraction is not punishable by imprisonment"). He also did not suspect that Mr. Skinner had consumed alcohol. Rather, he prolonged the stop, beyond the time needed to address the traffic infraction, seeking to verify his suspicions regarding Mr. Skinner. The prolonged stop and subsequent search of Mr. Skinner violated the Fourth Amendment. All evidence seized as a result of the search must be suppressed.

## III. CONCLUSION

Officer Valdivia began following Mr. Skinner for several blocks the moment he saw his vehicle. After pulling Mr. Skinner over for allegedly failing to stop at a limit line, he did not issue him a citation or address the alleged traffic infraction. Officer Valdivia unlawfully prolonged the stop, making irrelevant inquiries into Mr. Skinner's probation and "gang ties." He continued to unlawfully prolong the stop by unlawfully searching Mr. Skinner and his vehicle. Officer Valdivia violating Mr. Skinner's rights under the Fourth Amendment. All evidence seized as a result of the prolonged stop must be suppressed.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: June 9, 2025 By *<u>/s/ LUISA TAMEZ</u>*

LUISA TAMEZ
Deputy Federal Public Defender

## CERTIFICATE OF COMPLIANCE

I, Luisa Tamez, counsel of record for the defendant, certify that brief contains 3068 words, which complies with the requirements of L.R. 11-6.1

DATED: June 9, 2025 By */s/ LUISA TAMEZ*

LUISA TAMEZ
Deputy Federal Public Defender

**DECLARATION OF TEVIN DARNELL SKINNER**

I, Tevin Darnell Skinner, hereby state and declare as follows:

1. On January 25, 2025, I was driving from my partner's house to my mother's house.

2. An officer from the Palm Springs Police Department was driving behind me. They activated their emergency lights and I pulled over.

3. I did not give the officer consent to search me or my vehicle.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

TEVIN DARNELL SKINNER

Date: 06/05/25